UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MARISCAL, | CV F   03 5745 REC SMS P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST THAT DEFENDANTS FORWARD EVIDENCE (Doc. 58.) |
| v. | |
| TERHUNE, et. al., | ORDER GRANTING PLAINTIFF'S EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS (Doc. 57.) |
| Defendants. | |

Jimmy Mariscal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 15, 2005, Defendants filed an unenumerated Motion to Dismiss the case on the grounds that Plaintiff has failed to exhaust his administrative remedies. On August 1, 2005, Plaintiff moved for an extension of time to file an Opposition to the Motion. On August 10, 2005, Plaintiff filed a Motion requesting the Court to Order Defendants and their witnesses to forward evidence to him. Specifically, Plaintiff requests that the Court order Defendants to produce numerous 602 administrative grievances filed by other inmates regarding their living conditions.

The Scheduling Order issued on December 8, 2004, expressly set forth a discovery deadline of May 20, 2005, and a dispositive motion deadline of July 20, 2005. Defendants Motion is timely. However, Plaintiff's request for the production of documents made to the Court and not to the Defendants is not. Even were the request timely, Plaintiff is not seeking

1  documents that demonstrate whether or not he exhausted his administrative remedies, but is
2  seeking documents regarding living conditions filed by other inmates.  Plaintiff does not state
3  the relevance of these documents to the pending Motion to Dismiss.  In fact, Plaintiff concedes
4  that he is not attempting to file a class action but an action for himself only and that he has
5  mentioned these inmates in his complaint.  However, the fact that he names these individuals in
6  his complaint does not entitle him to the documents he seeks.  To the extent Plaintiff seeks to
7  obtain these documents to support his claim concerning the living conditions in the SHU, such
8  documents should have been sought during the discovery process and if they were and his
9  requests were denied, a motion to compel them was appropriate. However, as noted above, the
10 discovery deadline has expired and the Court will not now entertain late motions for discovery or
11 to compel.  Moreover, Plaintiff must first overcome the Motion for exhaustion pending before
12 the Court by producing evidence to rebut the assertions made by Defendants in their Motion.
13 Plaintiff can certainly make his assertions regarding "group appeals" in his Opposition to the
14 Motion to Dismiss.  However, due to the expiration of the relevant deadlines, his request for an
15 Order to require Defendants to produce documents must be DENIED.

      Accordingly, the Court HEREBY ORDERS:

1. The Request for an Order requiring Defendants to forward evidence is DENIED;
2. Plaintiff is GRANTED thirty (30) days from the date of service of this Order to file his Opposition to the Motion to Dismiss.

IT IS SO ORDERED.

**Dated:   August 15, 2005**          **/s/ Sandra M. Snyder**
icido3                                UNITED STATES MAGISTRATE JUDGE